IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **RECO L. RIVERS, #436196,** <br> **Plaintiff,** <br> v. <br><br> **MONTGOMERY COUNTY POLICE,** <br> **Defendant.** | * <br><br> * CIVIL ACTION NO.PWG-15-2188 <br><br> * <br> ***** |

## MEMORANDUM

On July 24, 2015, this Court received a letter from Reco Rivers in which Rivers complained of an illegal arrest and search warrant executed by the Montgomery County Police and claimed that his property was destroyed and one of his children was hurt. Compl., ECF No. 1. Pursuant to an August 4, 2015 court order, the correspondence was construed as a § 1983 civil rights action and Rivers was directed to supplement his complaint and to either remit the filing fee or move to proceed in forma pauperis. ECF No. 2.

On August 26, 2015, Rivers filed a supplemental complaint and indigency application. ECF Nos. 3 & 5. He claims that he was subject to an invalid warrant and search and seizure by several Montgomery County Police officers on or about July 25, 2014. Suppl. Compl. 4–5, ECF No. 3. Rivers additionally alleges that the officers caused damage to his personal property. *Id.* He further states that his infant son was injured while in the care and supervision of defendants and his children were impermissibly taken from him and transported out of state to relatives. *Id.* at 5–6. He seeks compensatory damages. *Id.* at 6. Because he appears indigent, Rivers's motion for leave to proceed in forma pauperis shall BE GRANTED.

The state court docket reveals that on July 25, 2014, Rivers was charged with various criminal offenses in the District Court for Montgomery County. *Warrant for Reco L. Rivers*, No.

0D00323197 (District Court for Montgomery County issued July 25, 2014).[1] The case was transferred to the Circuit Court for Montgomery County in September of 2015. *Maryland v. Rivers*, No. 125813C (Circuit Court for Montgomery County filed Sept. 18, 2014). Rivers was subsequently convicted of drug distribution and fourth-degree sex offenses in the Circuit Court. *Id.* His civil rights challenge to the constitutionality of the search and seizure associated with his charges and convictions is not appropriate unless and until his convictions have been dismissed or "declared invalid by a state tribunal authorized to make such [a] determination." *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). His allegation, which is tantamount to a Fourth Amendment claim, is barred by the rule announced in *Heck*, as a judgment in Rivers's favor would necessarily imply the invalidity of his criminal convictions. Therefore, Rivers's complaint for damages is barred under the rule of *Heck*.

To the extent that Rivers raises property claims against police officers for damages to his personal property, he has failed to state a claim. In the case of damaged property, sufficient due process is afforded if Rivers has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542–45 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F.Supp. 574, 579 (D. Md. 1982). The Supreme Court extended its *Parratt* holding to intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Finally, insofar as Rivers claims that after his arrest his infant son was injured and his children were improperly separated from him by the Maryland Department of Health and Human

---

[1] The record for this case is available through the Maryland Judiciary Case Search

Services and placed at risk when transported to relatives in Ohio, his speculative allegations do not state a claim under § 1983, as he has failed to allege that defendants misused their authority in violation of his federal constitutional rights. For the aforementioned reasons, Rivers's motion for leave to proceed in forma pauperis is granted. The complaint shall, however, be dismissed without prejudice.

Dated: October 14, 2015

/S/
Paul W. Grimm
United States District Judge

(http://casesearch.courts.state.md.us/casesearch/).